UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL AYALA, JOSE TORRES, IVAN SANDOVAL, NARCISO SANCHEZ, JOSE ARCE, MIGUEL SOTO, ANTONIO SANDOVAL LOPEZ, and ARTURO ORTEGA,<br><br>Plaintiffs,<br><br>v.<br><br>2617 AUTO REPAIR, INC., AMERICAN INDEPENDENCE TRANSPORTATION CO., CHICAGO ELITE CAB CORP., and SEVEN AMIGOS USED CARS, INC.,<br><br>Defendants. | FILED STAMPED: JULY 16, 2008<br>08CV4039<br>JUDGE MANNING<br>MAG. JUDGE MASON<br>J. N. |

### PLAINTIFFS' COMPLAINT AT LAW

Plaintiffs Miguel Ayala ("Ayala"), Jose Torres ("Torres"), Ivan Sandoval ("Sandoval"), Narciso Sanchez ("Sanchez"), Jose Arce ("Arce"), Miguel Soto ("Soto"), Antonio Sandoval Lopez ("Lopez") and Arturo Ortega ("Ortega") (collectively "Plaintiffs"), by and through their attorneys, Caffarelli & Siegel Ltd., for their Complaint at Law, complain against Defendants 2617 Auto Repair, Inc. ("2617"), American Independence Transportation Co. ("American Independence"), Chicago Elite Cab Corp. ("Chicago Elite"), and Seven Amigos Used Cars, Inc. ("Seven Amigos") (collectively referred to as "Defendants") as follows:

### NATURE OF ACTION

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendants' failure to pay overtime wages to named Plaintiffs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the State of Illinois, in Defendants' facilities located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. All of the Plaintiffs reside in and are domiciled within this judicial district.

5. All of the Plaintiffs are either present or past employees of Defendants.

6. Defendant 2617 is an Illinois corporation engaged in the vehicle maintenance and repair industry. It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

7. Defendant American Independence is an Illinois corporation engaged in all aspects of the cab transportation industry, including vehicle maintenance. It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

8. Defendant Chicago Elite is an Illinois corporation engaged in all aspects of the cab transportation industry, including vehicle maintenance. It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

9. Defendant Seven Amigos is an Illinois corporation engaged in all aspects of the cab transportation industry, including vehicle maintenance. It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

10. Defendants all are/were "joint employers" of all of the enumerated Plaintiffs.

11. At all relevant times, the Plaintiffs were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendants were "employers" subject to the FLSA.

## FACTUAL ALLEGATIONS

12. Plaintiff Ayala began working for Defendants in or about February of 2003 and is currently employed by Defendants.

13. Plaintiff Ayala works as an auto mechanic and body repairer with a regular rate of pay of $13.50 per hour.

14. Plaintiff Torres worked for Defendants from in or about the second week of August 2007 until on or about June 20, 2008.

15. Plaintiff Torres worked as a car porter with a regular rate of pay of $8.50 per hour.

16. Plaintiff Sandoval began working for Defendants on or about June 20, 2005 and is currently employed by Defendants.

17. Plaintiff Sandoval works as an auto mechanic with a regular rate of pay of $14.00 per hour.

18. Plaintiff Sanchez began working for Defendants in or about December of 2004 and is currently employed by Defendants.

19. Plaintiff Sanchez works as an auto mechanic with a regular rate of pay of $8.50 per hour.

20. Plaintiff Arce began working for Defendants on or about July 20, 2003 and is currently employed by Defendants.

21. Plaintiff Arce works as an auto mechanic with a regular rate of pay of $12.00 per hour.

22. Plaintiff Soto worked for Defendants from in or about September of 2007 until in or about May of 2008.

23. Plaintiff Soto worked as a body work repairer with a regular rate of pay of $9.00 per hour.

24. Plaintiff Lopez began working for Defendants in or about March of 2003 and is currently employed by Defendants.

25. Plaintiff Lopez works as an electrical auto mechanic with a regular rate of pay of $11.00 per hour.

26. Plaintiff Ortega began working for Defendants in or about August of 2006 and is currently employed by Defendants.

27. Plaintiff Ortega works as an auto mechanic with a regular rate of pay of $11.50 per hour.

28. The Plaintiffs routinely were directed by Defendants to work, and did work, in excess of forty (40) hours per week while in Defendants' employ.

29. The Plaintiffs are entitled under the FLSA to be paid at the rate of one and one half times their hourly rate of pay for all hours worked in excess of forty (40) per workweek (commonly known as "overtime").

30. The Plaintiffs were not paid one and one-half their regular hourly rate for hours worked in excess of forty (40) per work week.

31. Rather, the Plaintiffs were paid their regular hourly wage ("straight time") for all hours worked in excess of forty (40) hours per work week

32. Defendants were aware of their obligation to pay non-exempt hourly workers overtime pay, and intentionally chose not to pay the Plaintiffs accordingly.

33. Defendants acted in bad faith in failing to compensate the Plaintiffs for the work they performed.

## COUNT I
### Violation of the Fair Labor Standards Act

34. Paragraphs 1 through 33 are re-alleged and incorporated as though set forth fully herein.

35. This count arises from Defendants' violations of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Pursuant to 29 U.S.C. § 207, for all weeks during which named Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate of one and one-half times their normal hourly rate of pay.

37. Defendants have, both in the past and presently, failed to pay the Plaintiffs overtime for hours worked in excess of forty (40) per work week.

38. Pursuant to the FLSA, the Plaintiffs are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during at least the two (2) years preceding the filing of this Complaint.

## COUNT II
### Willful Violation of the Fair Labor Standards Act

39. Paragraphs 1 through 38 are re-alleged and incorporated as though set forth fully herein.

40. Defendants knew, or should have known, of the requirements of the FLSA.

41. Defendants have, both in the past and presently, willfully failed to pay the Plaintiffs overtime for hours worked in excess of forty (40) per work week, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

42. Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

43. Pursuant to the FLSA, the Plaintiffs are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

## COUNT III
## Liquidated Damages

44. Paragraphs 1 through 43 are re-alleged and incorporated as though set forth fully herein.

45. In denying Plaintiffs compensation at a rate of one and one-half for time worked in excess of forty hours in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

46. The Plaintiffs are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §206.

WHEREFORE, Plaintiffs Ayala, Torres, Sandoval, Sanchez, Arce, Soto, Lopez and Ortega respectfully request this Court to enter an order as follows:

A. Back pay equal to the amount of all unpaid overtime wages for the two (2) years preceding the filing of this Complaint for a violation of the FLSA, or for the three (3) years preceding the filing of this Complaint to the present for a willful violation of the FLSA;

B. Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

C. Prejudgment interest with respect to the total amount of unpaid overtime compensation;

D. Reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

E. Such additional relief as the Court deems just and appropriate under the circumstances.

July 16, 2008                                          Respectfully submitted,

Marc J. Siegel, #06238100                              MIGUEL AYALA et al.
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                            By: _____
Chicago, IL 60601                                           Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231