**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MIGUEL AYALA, JOSE TORRES, IVAN SANDOVAL, NARCISO SANCHEZ, JOSE ARCE, MIGUEL SOTO, ANTONIO SANDOVAL LOPEZ, ARTURO ORTEGA, RODOLFO CAMPOS, and FRANK SEALS, | |
| Plaintiffs, | No. 08 C 4039 |
| v. | Judge Manning |
| | Magistrate Judge Mason |
| 2617 AUTO REPAIR, INC., AMERICAN INDEPENDENCE TRANSPORTATION CO., CHICAGO ELITE CAB CORP., and SEVEN AMIGOS USED CARS, INC., | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Miguel Ayala, Jose Torres, Ivan Sandoval, Narciso Sanchez, Jose Arce, Miguel Soto, Antonio Sandoval Lopez, Arturo Ortega, Rodolfo Campos, and Frank Seals, by and through their attorneys Caffarelli & Siegel Ltd., hereby move to file a Second Amended Complaint. In support of their Motion, Plaintiffs state as follows:

1.      Plaintiffs file the instant Complaint on July 16, 2008, claiming violations of the Fair Labor Standards Act ("FLSA") for Defendants' alleged failure to pay them one and one half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

2.      The Defendants were served with the Complaint on July 30, 2008. No Defendant or any individual purporting to represent any Defendant has yet filed an appearance in this case.

3.      Plaintiffs filed their First Amended Complaint on August 4, 2008. The First Amended Complaint added two Plaintiffs who wished to participate in the lawsuit.

4.      Plaintiffs now seek leave to file a Second Amended Complaint, a proposed copy of which is attached.  The only proposed changes to the Second Amended Complaint involve the addition of two additional Defendants, Chicago Carriage Cab Corp. and Aleksandr Igolnikov, individually.  Plaintiffs now allege that in addition to the Defendants already enumerated, Chicago Carriage Cab Corp. and Aleksandr Igolnikov were also their "joint employers" for purposes of liability under the FLSA.

5.      This Motion is not being filed with the intent to prejudice Defendants or with the purpose of causing delay.  The current Defendants have yet to file an appearance and no Answer has yet been filed.

WHEREFORE, Plaintiffs respectfully request leave to file their Second Amended Complaint, a proposed copy of which is attached, and any relief this Court may deem just and proper.

August 15, 2008                                Respectfully submitted,

Marc J. Siegel, #06238100                      MIGUEL AYALA et al.
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                    By:   /s/  Marc J. Siegel
Chicago, IL  60601                                   Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Plaintiffs' Motion for Leave to File Second Amended Complaint**, to be served upon the party below via U.S. Mail, postage pre-paid, on August 15, 2008.

2617 Auto Repair, Inc.
American Independence Transportation Co.
Chicago Elite Cab Corp.
Seven Amigos Used Cars, Inc.
Chicago Carriage Cab Corp.
Aleksandr Igolnikov
c/o Aleksandr Igolnikov, Registered Agent
2617 S. Wabash Ave.
Chicago, IL 60616

Courtesy copies delivered to chambers of Judge Manning on same day via hand delivery.


/s/ Marc J. Siegel
Attorney for the Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MIGUEL AYALA, JOSE TORRES, IVAN
SANDOVAL, NARCISO SANCHEZ, JOSE
ARCE, MIGUEL SOTO, ANTONIO
SANDOVAL LOPEZ, ARTURO ORTEGA,
RODOLFO CAMPOS, and FRANK SEALS,

             Plaintiffs,

v.

2617 AUTO REPAIR, INC., AMERICAN
INDEPENDENCE TRANSPORTATION
CO., CHICAGO ELITE CAB CORP.,
SEVEN AMIGOS USED CARS, INC.,
CHICAGO CARRIAGE CAB CORP., and
ALEKSANDR IGOLNIKOV, individually,

             Defendants.

No. 08 C 4039

Judge Manning
Magistrate Judge Mason

### PROPOSED PLAINTIFFS' SECOND AMENDED COMPLAINT AT LAW

Plaintiffs Miguel Ayala ("Ayala"), Jose Torres ("Torres"), Ivan Sandoval ("Sandoval"),

Narciso Sanchez ("Sanchez"), Jose Arce ("Arce"), Miguel Soto ("Soto"), Antonio Sandoval

Lopez ("Lopez") Arturo Ortega ("Ortega"), Rodolfo Campos ("Campos"), and Frank Seals

("Seals") (collectively "Plaintiffs"), by and through their attorneys, Caffarelli & Siegel Ltd., for

their Second Amended Complaint at Law, complain against Defendants 2617 Auto Repair, Inc.

("2617"), American Independence Transportation Co. ("American Independence"), Chicago

Elite Cab Corp. ("Chicago Elite"), Seven Amigos Used Cars, Inc. ("Seven Amigos"), Chicago

Carriage Cab Corp. ("CCC") and Aleksandr Igolnikov, individually ("Igolnikov") (collectively

referred to as "Defendants") as follows:

## NATURE OF ACTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

("FLSA") for Defendants' failure to pay overtime wages to named Plaintiffs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the action under the express provisions of the

FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

3.      The unlawful employment practices described herein were committed within the

State of Illinois, in Defendants' facilities located in Chicago, Illinois.  Accordingly, venue in the

Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      All of the Plaintiffs reside in and are domiciled within this judicial district.

5.      All of the Plaintiffs are either present or past employees of Defendants.

6.      Defendant 2617 is an Illinois corporation engaged in the vehicle maintenance and

repair industry.  It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial

district.

7.      Defendant American Independence is an Illinois corporation engaged in all

aspects of the cab transportation industry, including vehicle maintenance.  It is located at 2617

South Wabash Ave., Chicago, IL 60616, in this judicial district.

8.      Defendant Chicago Elite is an Illinois corporation engaged in all aspects of the

cab transportation industry, including vehicle maintenance.  It is located at 2617 South Wabash

Ave., Chicago, IL 60616, in this judicial district.

9.     Defendant Seven Amigos is an Illinois corporation engaged in all aspects of the cab transportation industry, including vehicle maintenance.  It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

10.     Defendant CCC is an Illinois corporation engaged in all aspects of the can transportation industry, including vehicle maintenance.  It is located at 2617 South Wabash Ave., Chicago, IL 60616, in this judicial district.

11.     Defendant Igolnikov is the President/Owner of all of the previously-named Defendants and in involved in the day-to-day business operations of those Defendants.  Among other things, Defendant Igolnikov has the authority to hire and fire employees; direct and supervise the work of employees; sign on the Defendants' checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation and capital expenditures.

12.     Defendants all are/were "joint employers" of all of the enumerated Plaintiffs.

13.     At all relevant times, the Plaintiffs were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendants were "employers" subject to the FLSA.

## FACTUAL ALLEGATIONS

14.     Plaintiff Ayala began working for Defendants in or about February of 2003 and is currently employed by Defendants.

15.     Plaintiff Ayala works as an auto mechanic and body repairer with a regular rate of pay of $13.50 per hour.

16.     Plaintiff Torres worked for Defendants from in or about the second week of August 2007 until on or about June 20, 2008.

17.    Plaintiff Torres worked as a car porter with a regular rate of pay of $8.50 per hour.

18.    Plaintiff Sandoval began working for Defendants on or about June 20, 2005 and is currently employed by Defendants.

19.    Plaintiff Sandoval works as an auto mechanic with a regular rate of pay of $14.00 per hour.

20.    Plaintiff Sanchez began working for Defendants in or about December of 2004 and is currently employed by Defendants.

21.    Plaintiff Sanchez works as an auto mechanic with a regular rate of pay of $8.50 per hour.

22.    Plaintiff Arce began working for Defendants on or about July 20, 2003 and is currently employed by Defendants.

23.    Plaintiff Arce works as an auto mechanic with a regular rate of pay of $13.50 per hour.

24.    Plaintiff Soto worked for Defendants from in or about September of 2007 until in or about May of 2008.

25.    Plaintiff Soto worked as a body work repairer with a regular rate of pay of $9.00 per hour.

26.    Plaintiff Lopez began working for Defendants in or about March of 2003 and is currently employed by Defendants.

27.    Plaintiff Lopez works as an electrical auto mechanic with a regular rate of pay of $11.00 per hour.

28.     Plaintiff Ortega began working for Defendants in or about August of 2006 and is currently employed by Defendants.

29.     Plaintiff Ortega works as an auto mechanic with a regular rate of pay of $11.50 per hour.

30.     Plaintiff Campos worked for Defendants from on or about February 27, 2007 until on or about May 16, 2008.

31.     Plaintiff Campos worked as a body work repairer with a regular rate of pay of $11.00 per hour.

32.     Plaintiff Seals worked for Defendants from on or about October 13, 2006 until on or about July 11, 2008.

33.     Plaintiff Seals worked as a security guard with a regular rate of pay of $10.00 per hour.

34.     The Plaintiffs routinely were directed by Defendants to work, and did work, in excess of forty (40) hours per week while in Defendants' employ.

35.     The Plaintiffs are entitled under the FLSA to be paid at the rate of one and one half times their hourly rate of pay for all hours worked in excess of forty (40) per workweek (commonly known as "overtime").

36.     The Plaintiffs were not paid one and one-half their regular hourly rate for hours worked in excess of forty (40) per work week.

37.     Rather, the Plaintiffs were paid their regular hourly wage ("straight time") for all hours worked in excess of forty (40) hours per work week

38.     Defendants were aware of their obligation to pay non-exempt hourly workers overtime pay, and intentionally chose not to pay the Plaintiffs accordingly.

39.    Defendants acted in bad faith in failing to compensate the Plaintiffs for the work they performed.

40.    In addition, Plaintiff Seals did not receive an uninterrupted meal period as required by the FLSA.

41.    Plaintiff Seals regularly worked at night and was not paid for a meal period, even though he regularly worked through his meal period.

42.    Specifically, Defendants deducted money from Plaintiff Seals' paychecks for a meal period, even though he did not receive an uninterrupted meal period and worked through his meal periods.

43.    Defendants knew that Plaintiff Seals regularly worked through his meal periods, but still deducted money from his paychecks for the meal periods nonetheless.

44.    Defendants acted in bad faith in failing to properly compensate Plaintiff Seals for the meal periods in which he performed work.

## COUNT I
## Violation of the Fair Labor Standards Act

45.    Paragraphs 1 through 44 are re-alleged and incorporated as though set forth fully herein.

46.    This count arises from Defendants' violations of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

47.    Pursuant to 29 U.S.C. § 207, for all weeks during which named Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate of one and one-half times their normal hourly rate of pay.

48.     Plaintiffs are likewise entitled to receive an uninterrupted unpaid meal period.  If Plaintiffs work through their meal periods, they are entitled to be compensated for that time.

49.     Defendants have, both in the past and presently, failed to pay the Plaintiffs overtime for hours worked in excess of forty (40) per work week.

50.     Defendants have, both in the past and presently, failed to compensate Plaintiffs when they work through their unpaid meal periods.

51.     Pursuant to the FLSA, the Plaintiffs are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during at least the two (2) years preceding the filing of this Complaint.

**COUNT II**
**Willful Violation of the Fair Labor Standards Act**

52.     Paragraphs 1 through 51 are re-alleged and incorporated as though set forth fully herein.

53.     Defendants knew, or should have known, of the requirements of the FLSA.

54.     Defendants have, both in the past and presently, willfully failed to pay the Plaintiffs overtime for hours worked in excess of forty (40) per work week and willfully failed to pay the Plaintiffs for working through their meal periods, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

55.     Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

56.     Pursuant to the FLSA, the Plaintiffs are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

## COUNT III
## Liquidated Damages

57.     Paragraphs 1 through 56 are re-alleged and incorporated as though set forth fully herein.

58.     In denying Plaintiffs compensation at a rate of one and one-half for time worked in excess of forty hours in a work week and in continuing to deduct money from Plaintiffs' paychecks for meal periods when Plaintiffs had worked through those meal periods, Defendants' acts were not based upon good faith or reasonable grounds.

59.     The Plaintiffs are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §206.

WHEREFORE, Plaintiffs Ayala, Torres, Sandoval, Sanchez, Arce, Soto, Lopez, Ortega, Campos, and Seals respectfully request this Court to enter an order as follows:

A.     Back pay equal to the amount of all unpaid overtime wages for the two (2) years preceding the filing of this Complaint for a violation of the FLSA, or for the three (3) years preceding the filing of this Complaint to the present for a willful violation of the FLSA;

B.     Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

C.     Prejudgment interest with respect to the total amount of unpaid overtime compensation;

D.     Reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

E.     Such additional relief as the Court deems just and appropriate under the circumstances.

August 15, 2008                          Respectfully submitted,


Marc J. Siegel, #06238100                MIGUEL AYALA et al.
Lorraine T. Peeters, #06290434
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150              By:   /s/   Marc J. Siegel
Chicago, IL  60601                              Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231